THE PEOPLE *ex rel.* Alfred Post, for use, etc.

*v.*

JOSEPH E. GARY *et al.*

*Filed at Ottawa April 3, 1897.*

1. MANDAMUS —*to compel Appellate Court to affirm judgment.* Where the Supreme Court has reversed a cause and remanded it to the Appellate Court, with directions to consider errors assigned and either affirm the judgment or reverse and remand the cause, upon reversal and remandment by the Appellate Court the Supreme Court will not interfere by *mandamus* to compel a different decision.

2. APPEALS AND ERRORS —*reasons why Appellate Court gave judgment not a subject of inquiry.* Where the record in a cause authorizes the judgment entered therein by the Appellate Court, the reasons upon which that court decided the cause will not be inquired into in the Supreme Court.

ORIGINAL petition for *mandamus.*

FRANCIS A. RIDDLE, for petitioner.

GREEN, ROBBINS & HONORE, for respondents.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The relator recovered judgment July 26, 1894, in the Superior Court of Cook county, against the Union National Bank, David Kelly and John J. P. Odell, for $12,500. The Appellate Court for the First District, on appeal, reversed the judgment without remanding the cause, and from that judgment the relator appealed to this court. Although the judgment of the Appellate Court was a final determination of the cause, that court did not recite in its judgment any facts as found by it, but refused to allow a motion to have such facts recited. If that judgment had resulted wholly or in part from a finding of facts concerning the matter in controversy different from the finding of the Superior Court, it would have been the duty of the Appellate Court to recite such facts in its

judgment, and as that was not done, it necessarily followed that the facts were not found to be different.

There was only one other assignment of error in the Appellate Court which, if sustained, would authorize a final judgment in that court, and that assignment required no recital of facts, for the reason that it raised a question of law, merely, as to whether there was any evidence before the trial court fairly tending to support the cause of action. As that assignment of error must have been the ground for the judgment it was considered by this court, and it was decided that the Appellate Court erred in sustaining it.

There were other errors assigned in the Appellate Court, which, if sustained, would have required a different judgment from the one entered. These related to the admission and exclusion of testimony, and giving, modifying and refusing instructions. A consideration of these assignments could only result in affirmance on the one hand, or reversal and remandment on the other. The judgment of the Appellate Court was reversed and the cause remanded to that court, with directions to pass on such other errors, and either affirm the judgment of the Superior Court or reverse the judgment and remand the cause to the latter court for another trial. The cause was re-instated and the remanding order filed in the Appellate Court, together with a motion by the relator for the entry of a judgment affirming the judgment of the Superior Court. The Appellate Court thereupon entered another judgment, as follows: "And the court having diligently examined and inspected as well the record and proceedings aforesaid as the matters and things therein assigned for error, and being now sufficiently advised of and concerning the premises, are of the opinion that in the record and proceedings aforesaid, and in the rendition of the judgment aforesaid, there is manifest error; therefore, it is considered by the court that for that error, and others in the record and proceedings aforesaid, the judgment of

the Superior Court of Cook county, in this behalf rendered, be reversed, annulled, set aside and wholly for nothing esteemed, and that this cause be remanded to the Superior Court of Cook county for such other and further proceedings as to law and justice shall appertain."

Relator has filed his petition in this court for a writ of *mandamus* directed to the defendants, judges of said Appellate Court, commanding them to vacate said last mentioned judgment reversing and remanding said cause to the Superior Court, and to enter a judgment affirming the judgment of the Superior Court. The petition recites the foregoing facts, and the answers do not deny any of the facts so alleged. The answers of the defendants Joseph E. Gary and Arba N. Waterman consist mainly of various opinions filed at different times by them in the cause, and the defendant Henry M. Shepard says that he did not participate in the decision of the cause in the Appellate Court, and admits what the record shows therein. Relator has demurred to the answer of defendants Gary and Waterman, and the cause is submitted for our decision.

The direction of this court to the Appellate Court was, that it should consider the errors assigned which were specified in the opinion of this court, and should either affirm the judgment or reverse and remand the cause; but this court did not by that order direct what decision should be made, and cannot, by the writ now asked for, compel defendants, as judges of that court, to decide in any particular way. By the terms of the order the decision upon those assignments was left to that court, and whether its decision was right or wrong could have no influence in the determination of this case. The question is whether that court acted within the scope of the remanding order, and if it did, we cannot compel a change of the decision or reverse the judgment in this proceeding. Relator does not appear to claim that he can compel that court to decide the questions committed to its

determination in his favor, but he contends that it had no right to decide them on the grounds and for the reasons given in the opinions filed by the defendants Gary and Waterman in the cause. The petition and the argument for the relator chiefly question these opinions, and they furnish the substantial ground for his complaint. He urges that those defendants disregarded the opinion of this court, and either misconstrued or did not heed the rules of law laid down for their guidance, but, for the purpose of showing that they had not been influenced, and could not be influenced, declared that they still believe that the views expressed on the former hearing were correct, and that they remanded the cause only because they could not, if they would, under the mandate of this court, enter a finding of facts. We shall not consider or discuss these questions. It has been repeatedly held, in reviewing cases from the Appellate Court on appeal or writ of error, that if the judgment is authorized by the record it must stand, whether the reasons given in the opinion are valid or not, and an inquiry into the reasons why the case in question was decided and the judgment entered as it was would be equally improper in this case. They could not be made a ground for ordering the defendants to vacate the judgment entered or to enter a different judgment. If any opinion filed by any defendant is a dissent from the opinion of this court it can have no injurious effect. No harm can come to relator by an assertion of defendants that they still hold, unmodified and unchanged, the views previously expressed, for the reason that upon another trial the rules of law declared in the opinion of this court will control the trial court. These rules are binding upon both the Appellate Court and the trial court, and furnish the law of the case for the purposes of another trial.

The judgment entered in the Appellate Court was within the terms of the direction given in the remanding order. It is recited above, and shows that the court ex-

amined and considered the errors assigned, and that the judgment was the result of such consideration. In such case we cannot interfere and compel a different decision.

The writ of *mandamus* will be denied.

*Mandamus denied.*