THE VILLAGE OF OAK PARK, Appellant, *vs.* D. H. LANE *et al.* Appellees.

*Opinion filed October 24, 1916—Rehearing denied Dec. 8, 1916.*

1. SPECIAL ASSESSMENTS—*court not bound to accept testimony of either set of witnesses as to benefits.* On the hearing of an objection to the amount of benefits in a special assessment case the county court is not bound to accept the testimony of one or the other set of witnesses but may take into consideration all of their testimony, including the facts upon which they base their conclusions.

2. SAME—*reason given for judgment is not material.* If the judgment of the county court on the hearing of the question of benefits in a special assessment proceeding is correct it should be affirmed, regardless of the reasons given by the court for the conclusion reached.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

F. W. PRINGLE, for appellant.

GEORGE P. FOSTER, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county modifying and confirming a special assessment as to certain lots, in a proceeding instituted by the village of Oak Park, to pay the estimated cost of paving Harvard street from the east line of East avenue to the west line of Austin boulevard, and also the roadways of

all intersecting alleys extended from the curb line to the street line.

Harvard street is an east and west street and the lots involved in this appeal are located and front on North and South streets, which cross Harvard street, and do not abut the line of the proposed improvement. These lots were assessed for what is generally termed indirect benefits, and in the county court appellees, the owners of the lots, objected that the lots were assessed more than they would be benefited. This objection was sustained and the assessment on the lots objected for was reduced twenty per cent. Each of the lots objected for was assessed at the rate of $1.36 per front foot. Two witnesses testified for appellant and two for appellees. These men were real estate experts. The two witnesses for appellees testified that each 25-foot lot would be benefited no more than $20 by the proposed improvement, and that all other lots objected for would be benefited in that proportion. The witnesses for appellant each testified that the lots objected for would be benefited $2 per front foot, or $50 for each 25-foot lot. Each of these witnesses gave at length the basis upon which he arrived at the conclusion reached, testifying that the elements which entered into the question of benefits were accessibility, fire protection, sanitary condition and general appearance. The character of the territory along the line of the improvement was described and the court had before it plats of the territory which were introduced in evidence.

Appellant contends that there was no evidence whatever to sustain the finding of the court that the reduction of twenty per cent was necessary to bring the assessment of appellees' property within the amount of benefits. This contention is based largely upon the fact that the court did not adopt the figures fixed by either set of witnesses but adopted a figure which was more than the benefits testified to by appellees' witnesses and less than that testified to by appellant's witnesses. It is contended that there was noth-

ing in the testimony of these witnesses, aside from the arbitrary amounts to which they testified, upon which the court might base the conclusion reached. The court was not bound to accept the exact amount testified to as benefits by either set of witnesses. It was proper to take into consideration all the testimony of these witnesses, including the facts upon which they based their conclusions, if such facts were helpful and aided the court in arriving at the correct amount of benefits to the property. The witnesses on each side were apparently equally well informed and equally credible. The amount of benefits found by the court was within the range of the testimony of the witnesses and will not be disturbed upon the mere contention that the court should have adopted the amount of benefits testified to by one or the other of these sets of witnesses or should have regarded the testimony as equally balanced and allowed the amount fixed on the assessment roll to prevail.

The record discloses that in giving his reasons for the conclusion reached the court said that the witnesses were equally well informed and equally truthful and that the court was left in the same position as though there were no evidence at all. It is insisted that this being the view of the county court and the basis for the conclusion reached, the judgment of the county court should be reversed and the cause remanded, with directions to overrule the objections and confirm the assessment roll. It is immaterial upon what ground the county court based its decision. The only question here is whether or not the judgment of the county court is correct, and it is immaterial what reasons may have been given by the court for the conclusions reached. *People* v. *Gary,* 166 Ill. 143; *In re Estate of Grossman,* 175 Ill. 425; *Illinois Central Railroad Co.* v. *Smith,* 208 id. 608; *Kehl* v. *Abram,* 210 id. 218.

The judgment of the county court is affirmed.

*Judgment affirmed.*