Fred A. Buck et al., Plaintiffs-Appellants, v. City of
Danville, Illinois et al., Defendants-Appellees.

Gen. No. 9,878.

Opinion filed June 16, 1953. Rehearing denied July 13, 1953. Released for publication July 13, 1953.

ALBERT SAIKLEY, of Danville, for appellants.

V. W. McINTIRE, Corporation Counsel, and WALTER T. GUNN, both of Danville, for appellees.

MR. PRESIDING JUSTICE WHEAT delivered the opinion of the court.

This is an action for declaratory judgment challenging the validity and the constitutionality of an ordinance of the City of Danville, Illinois, claiming the right of plaintiffs and other citizens to a referendum under the commission form of government and for an injunction pending its final adjudication. The trial court held that the action was one in equity and dismissed the action for want of equity.

The complaint consists of two counts. Count One as amended alleges in substance that the City of Danville, operating under the commission form of government, on May 27, 1952, passed an ordinance designated as Ordinance No. 4476 entitled "An Ordinance Providing for the Acquiring of a Site for a City Hall and Fire Station"; that such ordinance selected such site and provided for its purchase; that the plaintiffs are residents of the immediate vicinity of the proposed site

and are property owners, citizens and taxpayers; that Section Four of said ordinance hereinafter referred to as the emergency clause provides as follows:

"Whereas the City Hall now being used is in need of major and costly repairs, and, whereas, the building housing the Central Fire Station is in a dilapidated and unsafe condition, and has been legally condemned, and immediate steps should be taken to acquire a site and let a contract for the construction of a new City Hall and Fire Station, it is hereby found and declared by the Council that the prompt passage of this ordinance is urgent and necessary for the immediate preservation of the public peace, health and safety, and this ordinance shall be in full force and effect from and after its passage, approval and publication, as provided by law";

that the emergency clause recites no facts that the City Hall is in need of labor and costly repairs; no facts that the building housing the Central Fire Station is in a dilapidated and unsafe condition and has been legally condemned; that the premises are now in substantially the same condition as they have been for many years and in general that there is no emergency in law or fact, but that said emergency clause was included as an arbitrary, capricious and unreasonable exercise of the powers of said City Council, thus depriving the plaintiffs of their property without due process of law, denying the plaintiffs the equal protection of the laws in violation of the Constitution of the United States and the State of Illinois, and that said emergency clause was included as a subterfuge to deprive the plaintiffs of their right to attack said ordinance by referendum or other means. Plaintiffs pray judgment that said ordinance be declared illegal, unconstitutional and void in violation of the due process and equal protection clauses of the Constitution

of the United States and the State of Illinois; that the court find no real relation or connection between the need for acquiring a site and the public peace, health and safety and that said ordinance be declared not to be an emergency ordinance for the immediate preservation of the public peace, health and safety. Count Two of the complaint as amended alleges that on June 2, 1952, there was filed with the clerk of said city a petition filed by electors of the City of Danville, equal in number to more than 10% of the entire number of votes cast for the candidates for mayor in the last preceding general quadrennial election, protesting the passage of said ordinance and demanding that said City Council reconsider the passage of said ordinance and if not entirely repealed, that then the same be submitted to a vote of the electors of said city, either in a general election or at a special election called for that purpose; that no objections to said petition have been filed with the clerk of said city within five days after the filing of such petition; that no action has been taken by said City Council to reconsider said ordinance; that the same has not been entirely repealed and has not been submitted to a vote of the electors of said city. The prayer is that said defendants be compelled by writ of mandamus or mandatory injunction to reconsider the passage of said ordinance and if not entirely repealed to submit said ordinance to a vote of the electors of said city, either at a general election or at a special election called for that purpose. Among other things, the answer of defendants alleges that the clause wherein said ordinance recited that the prompt passage of the ordinance was urgent and necessary for the immediate preservation of the public peace, health and safety, was included in good faith because the prompt passage of said ordinance was actually urgent and necessary.

On January 31, 1953, the defendants-appellees filed a motion in this court to dismiss the appeal on the ground that the cause has become moot, which motion was ordered taken with the case. It is believed that this opinion will effectively dispose of such motion as well as the case on the merits, but it is pertinent to set forth the substance of the affidavit of V. W. McIntire, Corporation Counsel of the City of Danville, attached to such motion to dismiss. Such affidavit recites that plaintiffs-appellants on page 16 of their brief filed in this court, state that the question of the constitutionality of such ordinance is not before the court but that plaintiffs desire to present the facts and their view of the law applicable to emergency ordinances under the referendum statute; that the judgment herein was entered in the trial court July 23, 1952; that notice of appeal to this court was filed August 7, 1952; that no supersedeas bond was ever given or tendered by plaintiffs-appellants to suspend the operation of the judgment of the circuit court dismissing said cause of action by reason hereof, the same continues in full force and effect; that the only question involved herein is whether the passage of an ordinance by the City Council under the commission form of government to acquire a site for a City Hall and to let a contract for the construction thereof as an emergency ordinance was authorized by the statutes of Illinois, i.e. chapter 24, section 19—67 [Ill. Rev. Stats. 1951; Jones Ill. Stats. Ann. 21.1509]; that after said cause was dismissed, the said defendants, pursuant to a publication did pay for said building site the sum of $30,000, and immediately thereafter with money already raised by the issuance of bonds, did commence the building of a structure upon said premises for a City Hall and Fire Station, for a contract price in excess of $250,000; that said building has been partially completed and that

523

there has been expended in the construction thereof the sum of $28,000. The affiant further states that if the emergency clause of said ordinance was not immediately effective, nevertheless such ordinance became and was effective thirty days after the enactment thereof and that the same has been in effect since June 26, 1952; that at no time in these proceedings, either in the circuit court nor in this court, did the plaintiffs raise the question as to whether or not said ordinance became of legal and binding effect after June 26, 1952.

It appears that on December 12, 1945, the voters of the City of Danville favorably acted upon a referendum for a proposed bond issue of $300,000 for the construction of a City Hall and Fire Station. Thereafter, because of a material shortage, it was impossible to get a permit to build until June of 1947. The application was renewed in 1951, was rejected August 31, 1951, followed by another application of September 28, 1951, upon which the city was authorized to proceed as of March 6, 1952. Thereafter architects were contacted to plan the proposed building on the corner of North and Walnut streets in said city. The city had owned, for a number of years, a part of the same lot on said streets so that by the acquisition of the additional real estate said city owned the ground to North street. Such site was thereafter sold for parking lot purposes. Subsequently the city acquired a site at the corner of Gilbert and North streets, the property in question in these proceedings. This is the ordinance which is now being attacked, being Ordinance No. 4476 passed May 27, 1952.

Plaintiffs-appellants contend that the trial court erred in holding that both counts of the complaint as amended were in equity and urged that: (1) Declaratory judgment action is not a suit in equity. (2) The forum of a declaratory judgment action depends on the

issues involved and the relief sought. (3) It is unnecessary to allege or prove irreparable injury in order to obtain a declaration of rights. (4) Injunctive relief may be obtained in an action for a declaratory judgment and if the pleadings or proof are insufficient for injunctive relief the court may proceed to a declaration of rights. (5) Equity has the power to grant legal remedies. (6) The mere recital as to an emergency does not make an ordinance an emergency ordinance for the immediate preservation of public peace, health and safety. (7) Legislative acts are subject to referendum. (8) The right of referendum is a reserve right and not a grant of power.

In the view of this court the issues established by the pleadings relate to the questions as to whether the City Hall is in need of labor and costly repairs, whether the building housing Central Fire Station is in a dilapidated and unsafe condition and has been condemned, whether prompt enforcement of the ordinance is urgent and necessary for the immediate preservation of the public peace, health and safety, whether the disputed emergency clause in the ordinance is an arbitrary, capricious and unreasonable exercise of the powers of the City Council tending to deprive the plaintiffs of their property without due process of law, whether said emergency clause was included in said ordinance as a subterfuge to deprive the plaintiffs of their rights to attack said ordinance, whether the establishment and building of a City Hall and Fire Station at the proposed site will cause the plaintiffs irreparable damage and whether the ordinance should have been submitted to a referendum.

■ Plaintiffs-appellants contend that the trial court was in error on the grounds on which it predicated its decision, i.e. that both counts of the complaint were matters in equity. It is sufficient to state that the question presented is whether or not the trial court was

correct in its final judgment regardless of any reason assigned therefor. (*In re Estate of Grossman,* 175 Ill. 425; *Village of Oak Park v. Lane,* 275 Ill. 420.)

█ As to whether or not the ordinance in question was a proper subject for a referendum, the statute pertaining thereto is as follows:

"Except when otherwise required by the laws of the State, including this Act, and except local improvement ordinances, and except an ordinance for the immediate preservation of the public peace, health, or safety, which contains a statement of its urgency and is passed by a vote of at least four members of the council, no ordinance passed by the council shall go into effect before thirty days from the time of its final passage. If during this thirty day period a petition signed by the electors of the municipality equal in number to at least ten per cent of the entire number of votes cast for the candidates for mayor at the last preceding general quadrennial municipal election, protesting against the passage of such an ordinance, is filed with the municipal clerk, the ordinance shall be suspended from going into operation, and the council shall reconsider the ordinance. If the ordinance is not entirely repealed, the council shall submit the ordinance as provided in subsection (b) of section 19—66, to a vote of the electors of the municipality, either at a general election or at a special election called for that purpose. If such a petition is filed, the ordinance shall not go into effect unless a majority of the electors voting on the ordinance vote in favor thereof. But if no such petition is filed, such an ordinance, subject to section 19—51, shall be in effect upon the expiration of the thirty day period." Ill. Revised Statutes 1951, ch. 24, sec. 19—69 [Jones Ill. Stats. Ann. 21.1511].

It is apparent that this act excepts from its provisions an ordinance for the immediate preservation of the

public peace, health and safety, as recited in an urgency clause in the ordinance. The ordinance in question contained such a clause and was passed by a vote of at least four members of the council. It is urged that there are no facts recited in the ordinance showing any real relation or connection as to the subject matter and the public peace, health and safety. It is sufficient answer to state that the statute does not require any such recitation of facts, requiring only an urgency clause and passage by a vote of at least four members of the council.

 It is urged that even with an emergency clause in the ordinance, the same is a proper subject for referendum. With this the court cannot agree, as in our opinion ordinances for the public peace, health and safety containing an emergency clause become immediately effective without any opportunity for presentation to the electors for approval or disapproval by referendum. Plaintiffs suggest that the City of Danville had no authority to condemn one of its own buildings as in substance it would be required to sue itself. No authorities are cited and this court fails to understand the logic of such suggestion.

 As to the argument that the emergency clause was included in said ordinance as an arbitrary, capricious and unreasonable exercise of the powers of said City Council, the case of *Dunlap v. City of Woodstock,* 405 Ill. 410, is sufficient answer, in which case the court said, "In the absence of evidence to the contrary, the legislative judgment of the city council is conclusive. Where there is room for a fair difference of opinion concerning the reasonableness of a particular ordinance, we will not overthrow the considered findings of an impartial body which is presumably well equipped to decide the various issues involved." In an analysis of the facts in this case, no showing appears that the action of the City Council in the adoption of

this ordinance was arbitrary, capricious or unreasonable. In the instant case there is, in fact, unrefuted testimony that the present site of the Fire Station and City Hall was sold and that the city was required to give possession and that such building was unsafe by reason of which there is ample evidence to support an urgency clause in the ordinance.

██ Plaintiffs further allege that the construction of the proposed City Hall and Fire Station will depreciate the value of their property and that they will suffer irreparable injury. There is not the slightest evidence to support this claim and in fact no attempt was made to prove any depreciation of real estate values or irreparable damage. Accordingly, the judgment of the circuit court is affirmed.

*Affirmed.*